(88 South. 418)

PARKER et al. v. ROBERTSON.
(6 Div. 204.)

(Supreme Court of Alabama. April 7, 1921.)

1. **Courts** ⬄487(10)—Administration of estate removed to circuit court on verified petition that estate can be better administered.

When a bill of complaint or petition in writing, verified by affidavit, is filed by a devisee or legatee of an estate, stating that in his opinion the estate can be better administered in the circuit court, equity side of the docket, than in the probate court, that there has been no final settlement of the estate in the probate court, and that no application has been made therein for a final settlement, and that the purpose is to have real estate sold for division, in that it cannot be equitably partitioned without a sale, and to require the executors to file an inventory, it is the duty of the circuit court to enter a decree ordering the removal of the administration from the probate court to the circuit court, under Acts 1911, p. 574, § 3, as amended by Acts 1915, p. 738.

2. **Executors and administrators** ⬄68—Executor must immediately make full inventory in writing and verified.

The law requires every executor, immediately after taking out letters of administration, to make full inventory of the goods, chattels, money, books, papers, and evidences of debt of the decedent, under Code 1907, § 2579, and this inventory must not only be in writing, but must show what the law states and must be verified by affidavit of the executor that "such inventory is full and complete as to the goods and chattels, debts and money of decedent, which have come to his knowledge or possession," under sections 2580, 2581.

3. **Executors and administrators** ⬄63—Testator cannot exempt executor from filing an inventory.

Code 1907, § 2541, permits a testator to exempt an executor from giving bond, but does not permit him to exempt an executor from filing an inventory under sections 2579–2581.

4. **Executors and administrators** ⬄73—Will exempting executor from filing inventory probably good excuse for not doing so until application therefor.

A will, specially exempting executors from filing an inventory, was probably a good excuse for not doing so until application was made therefor by a legatee under Code 1907, § 2566, as amended by Acts 1919, p. 40, permitting an executor to be removed for failure to make and return inventories.

5. **Wills** ⬄598—Will held to vest title in fee simple.

A will, devising and bequeathing "all and singular my estate, real, personal and mixed wheresoever situate * * * into four equal parts, and to the following named persons, * * * to hold and to have their respective shares to each of them absolutely," held to vest title in the persons named in fee simple under Code 1907, § 3408.

6. **Partition** ⬄21—Power of sale given executor does not prevent filing of bill for sale for equitable partition.

Full power given executors to sell real or personal property, or both, and make and execute deeds of conveyance, did not prevent the filing of a bill by a devisee for sale of the land and personal property, either or both, for division among joint owners or tenants in common, on the ground that it could not be equitably partitioned among them (Code 1907, §§ 5203, 5222, 5231), but executors may defend such a suit and prevent sale by showing that the property can be equitably partitioned, and have it partitioned instead of sold for division.

7. **Executors and administrators** ⬄326—Personal property to be sold for distribution if it cannot be equitably divided.

After all the debts and costs of the estate have been paid, the personal property may be divided without a sale among the joint owners, if it can be equitably done, but if it cannot be equitably done, then a sale thereof is necessary, under Code 1907, §§ 5203, 5204, 5208, 5222, 5231, Acts 1911, p. 574, § 3, as amended by Acts 1915, p. 738.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Bill by Marion L. Robertson, against Harry Parker and Sarah Blomberg, as executors of the last will and testament of George H. Parker and as legatees under the will, for the removal of the estate from the probate to the chancery court, sale of the properties for division, filing of proper inventories, and final settlement of the estate. From a decree rendered, respondents appeal. Affirmed.

---

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Eyster & Eyster, of Albany, for appellants.

The expressed intention of the testator must not be defeated. 111 Ala. 152, 20 South. 378. Under the will, only the executors can make a conveyance of the property. 165 Ala. 171, 51 South. 732, 138 Am. St. Rep. 23; 192 Ala. 326, 68 South. 880; 162 Ala. 504, 50 South. 287; 202 Ala. 622, 81 South. 564.

F. E. St. John, of Cullman, for appellee.

No appeal lies from an order requiring the filing of an inventory. The remedy is mandamus. 104 Ala. 276, 16 South. 93; 126 Ala. 184, 28 South. 660; section 2838, Code 1907. The law requires an inventory. Section 2579, Code 1907. Estates may be removed without notice. Acts 1915, p. 738. Also require the making of a settlement, notwithstanding the provisions of the will. Acts 1919, p. 567; 49 N. E. 916. See, also, Thompson on Wills, arts. 335 and 336.

MILLER, J. George H. Parker died in Cullman county, Ala., on January 22, 1918. He left a last will and testament. It was probated on February 9, 1918. Sarah S. Blomberg, a devisee and daughter of deceased, was appointed executrix, and Harry Parker, a son and devisee, was appointed executor. Letters testamentary were issued to them.

The first section of the will directs that all of his just debts and funeral expenses be paid. The other sections of the will, material to this cause, are as follows:

"Second. I give, bequeath and devise all and singular my estate, real, personal and mixed wheresoever situate of which I may die seized or possessed or to which I may be entitled at the time of my decease, into four equal parts, and to the following named persons, to wit: One-fourth to my wife Cora A. Parker; one-fourth to the children of my daughter Mary A. Robertson, now deceased, Marion and Ruth, in equal parts, or the survivor of them; one-fourth to my daughter, Sarah S. Parker; and one-fourth to my son, Harry Parker, to hold and to have their respective shares to each of them absolutely.

"Third. A great part of my life's work has been in establishing a banking business, carried on under the name of the Parker Bank & Trust Company, at Cullman, Alabama, and it is my desire that the same be carried on so long as it is best to do so in the judgment of my executrix and executor (hereinafter named; and for that purpose the stock I own therein shall be kept intact and together by said executrix and executor, so long as in their judgment it is best, but the income therefrom is to be divided annually as above set forth. It is my further desire that my son Harry Parker, shall go into the said business and assume so far as right and proper my place therein. * * *

"Fifth. I nominate and appoint and constitute my daughter, Sarah S. Parker, and my son, Harry Parker, the survivor of them, executrix

and executor of this my last will and testament; and it is my will and I further direct, that no inventory or appraisement shall be required of them of my estate, and that no bond shall be required of them as such.

"Sixth. I authorize and empower my said executrix and executor, and the survivors or successors of them, to bargain, sell and dispose of all or any of the personal property, real estate or mixed property, or property of any kind of which I shall die seized and possessed at public or private sale, at such time and on such terms and conditions as they or the survivor or successor of them shall deem meet or proper, and to execute, acknowledge and deliver all proper writings, deeds of conveyance and transfers therefor."

Marion L. Robertson files this bill of complaint as amended. He is a grandson of the testator, devisee under the will, and owns one-eighth of all the property, real, personal, and mixed, of which his grandfather died seized and possessed. All of the other legatees and devisees of the estate and the executor and executrix are made parties defendant.

The purposes of this bill of complaint as amended are: (1) To have the administration of the estate transferred from the probate court to the circuit court, equity docket; (2) to require the representatives of the estate to file an inventory of the personal property and choses in action belonging to the decedent; and (3) to have the real estate belonging to the estate sold for division among the devisees, the joint owners and tenants in common on the ground that it cannot be equitably partitioned among them without a sale. It also asks for sale of the personal property for division among the legatees or devisees, and for final settlement of the estate.

Marion L. Robertson, with said bill of complaint as amended, filed in the court a petition in writing, verified by affidavit, stating therein that he is a devisee under the will of George H. Parker, deceased, that a copy of the will was attached to and made part of the bill, and that in his opinion the estate can be better administered in the circuit court, equity side of the docket, than in the probate court of Cullman county, that there has been no final settlement of the estate in the probate court; that no application has been made therein for a final settlement thereof; and that Harry Parker is executor, and Mrs. Sarah S. Blomberg is executrix of the estate.

[1] When this bill of complaint or petition is filed by a devisee or legatee of an estate, verified by affidavit, and the foregoing allegations of facts are made under oath therein, it is the duty of the circuit court to enter a decree, ordering the removal of the administration of the estate from the probate court to the circuit court. This was done in this cause. Acts 1911, p. 574; Acts 1915,

p. 738, amending section 3 of the act of 1911.

[2] The law requires every executor, immediately after taking out letters of administration, to make full inventory of the goods, chattels, money, books, papers, and evidences of debt of the decedent. Section 2579, Code 1907. This inventory must. not only be in writing, but the law states what it must show, and it must be verified by affidavit of the executor that—

"Such inventory is full and complete as to the goods and chattels, debts, and money of the decedent, which have come to his knowledge or possession." Sections 2580, 2581, Code 1907.

[3] Section 2541 of the Code of 1907 permits a testator to exempt an executor named by him in the will from giving bond. It does not permit him to exempt him from filing an inventory. The will in this cause exempts the executors from giving bond, from filing inventory, and appraisement of the estate.

The complainant made application to the court to require the representatives of the estate to file an inventory as the law requires. The court entered a decree to that effect. The executor and executrix made application to set aside this decree, as they were not required under the will to do so, and were not given a hearing thereon by the court before making the order. The court refused their application. In this court did not err. The complainant under the will, owning an undivided one-eighth interest in all the property, real, personal, and mixed, of the estate of decedent, made the application to have an inventory filed. Letters testamentary under the will were granted more than two years before the application was made, and no inventory of the estate had been filed. It was their duty to have filed one without an order of the court. The law requires "the inventory and appraisement to be made and returned within two months after grant of letters." Sections 2579, 2580, 2581, 2583, Code 1907.

[4] Section 2566 of the Code of 1907 as amended by Acts 1919, p. 40, permits an executor to be removed and his letters revoked for "failure to make and return inventories." The will, specially exempting them therefrom in this estate, probably was a good excuse for not doing so until the complainant made application therefor and the court ordered it. Fuller v. Wilbur, 170 Mass. 506, 49 N. E. 916.

[5] The defendants demur to the bill of complaint as amended, the demurrers are overruled by the court, and this is assigned as error. The complaint as amended avers that some of the land of decedent has been sold by his representatives. It avers and describes the remaining lands of decedent in Cullman county and other counties in Alabama, which have not been sold, and which still belong to the estate. It shows clearly the exact interest of complainant and each defendant in the land. Section 2 of the will also shows the interest of each in the land. The bill describes the land accurately. It names all parties, and all appear and demur; the executor and executrix join therein. The entire title is before the court. Section 5 of the bill contains the following allegation:

"Complainant avers that said real estate cannot be equitably divided among the legatees without a sale and that a sale of said real estate is necessary for the purpose of division and it will be to the interest of all of said legatees to have said property sold for said purpose, and the complainant desires a sale thereof for said purpose."

The bill shows complainant and defendants own the land described therein as joint owners or tenants in common. The will is attached to and made a part of the bill. Under section 2 of the will the legal title to all of testator's real estate at his death vested in the complainant and the defendants, mentioned therein, in fee simple. Lee's Adm'r v. Downey, 68 Ala. 98; section 3408, Code 1907.

[6] Section 6 gives the executor and executrix full power to sell the real or personal property, or both, and make and execute deeds of conveyance to the purchase. This does not prevent complainant from filing bill for sale of the land and personal property, either or both, among the joint owners or tenants in common, on the ground it cannot be equitably partitioned among them. Sections 5231, 5222, 5203, Code of 1907.

The defendants may by answer defend the suit and prevent sale of the lands by showing to the court that it can be equitably partitioned among the joint owners or tenants in common, and have it partitioned instead of sold for division, if it can be equitably done.

[7] After all the debts and costs of the estate have been paid, the personal property may be divided, without a sale, among the joint owners, if it can be equitably done. If it cannot be equitably divided, then a sale thereof would be necessary. Sections 5231–5234, 5208, Code 1907; Acts 1911, p. 574; Acts 1915, p. 738, amending section 3 of Act 1911, p. 574; Lee's Adm'r v. Downey, 68 Ala. 98; Stein et al. v. McGrath, 128 Ala. 175, 30 South. 792; Mayer v. Kornegay, 163 Ala. 371, 50 South. 880, 136 Am. St. Rep. 79.

There is equity in the bill of complaint as amended. The court overruled the demurrers. There is no error in the record.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.