(106 So. 136)

## MORGAN v. VIRGINIA–CAROLINA CHEMICAL CO.   (8 Div. 772.)

(Supreme Court of Alabama.   Oct. 15, 1925.)

1. **Appeal and error ⊕⟩351(2)—Appeal clearly taken by giving security for cost, filed with and approved by clerk of court, will not be dismissed.**

An appeal within time allowed by Code 1923, § 6127, and clearly taken by giving security for cost, which was filed with and approved by the clerk of the court as section 6131 permits, will not be dismissed.

2. **Appeal and error ⊕⟩1058(3)—Master and servant ⊕⟩81—Exclusion of evidence of payments offered in support of set-off held error, but not prejudicial.**

In action on note given by defendant, as employee of plaintiff, for goods shipped to defendant to be sold for plaintiff, for commission for selling and collecting for goods sold, where defendant interposed alleged set-off based on commissions earned, and H., who there was evidence to show was plaintiff's agent, obtained notes and books from defendant showing persons owing plaintiff for goods sold by defendant, court should have allowed defendant to testify that at time he turned over the books he paid H. for plaintiff for collections on goods sold, but exclusion of such evidence was not harmful, in view of the reception of other testimony showing what defendant paid plaintiff and the amount of commissions defendant was entitled to.

3. **Bills and notes ⊕⟩534—Defendant, successful on counterclaim exceeding amount of note sued on, is not liable for attorney's fee.**

A defendant, who is successful on his counterclaim exceeding amount of note sued on, is not liable for attorney's fee provided for in note.

4. **Bills and notes ⊕⟩534—Defendant, successful only in part on set-off interposed against note sued on, is entitled to corresponding reduction of plaintiff's claim for attorney's fee.**

Defendant, successful only in part on set-off interposed against note sued on, is entitled to corresponding reduction of plaintiff's claim for attorney's fee, in view of Code 1907, §§ 5860–5865. .

⊕⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Appeal and error ⬦⟲1078(1)—Assigned errors, when not argued and urged in brief, will be considered by Supreme Court as waived.**

Assigned errors, when not argued and urged in brief, will be considered by Supreme Court as waived.

**6. Appeal and error ⬦⟲843(3)—Necessity held not to exist to pass upon motion to strike certain documents in bill of exceptions.**

Where bill of exceptions contained evidence not involved in motion to strike certain documents from bill showing error in giving and refusing certain charges requiring reversal, no necessity existed for the Supreme Court to pass upon motion to strike.

Appeal from Circuit Court, Marshall County; Leon McCord, Judge.

Action by the Virginia-Carolina Chemical Company against H. J. Morgan. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

These charges were given at plaintiff's request:

"(1) The court charges the jury that a set-off does not deprive the plaintiff of its right to attorney's fee as provided in the note.

"(2) The court charges the jury that a right of set-off on the part of the defendant, if he has any against the plaintiff's demand, does not deprive the plaintiff of its right to have an attorney's fee added to the note.

"(3) The court charges the jury that, if they believe the evidence in this case, the plaintiff is entitled to a reasonable attorney's fee on the note offered in evidence."

This charge was refused to defendant:

"(1) If, when the note sued on fell due, plaintiff owed defendant more than defendant owed it, then the jury should not allow plaintiff any attorney's fee."

Street & Bradford, of Guntersville, for appellant.

Defendant should have been permitted to show transactions with Hollingshed, and that the latter was the agent of plaintiff. Robinson v. Greene, 148 Ala. 434, 43 So. 797; Salvo v. Wilson, 189 Ala. 446, 66 So. 613; Amer. Co. v. Birmingham Co., 206 Ala. 609, 91 So. 484; Roberts & Sons v. Williams, 198 Ala. 290, 73 So. 502. Where set-off is allowed defendant on the note, no attorney's fee should be allowed. 8 C. J. 1098; Branch v. Traylor (Tex. Civ. App.) 36 S. W. 592; Couturie v. Roensch (Tex. Civ. App.) 134 S. W. 413; Ward v. Boydston, 63 Tex. Civ. App. 656, 134 S. W. 786; Tompkins v. Galveston Co., 4 Tex. Civ. App. 1, 23 S. W. 25.

John A. Lusk, of Guntersville, for appellee.

Later admission cured any error in sustaining objections to testimony. Assignments of error, not argued and insisted upon, will not be considered on appeal.

MILLER, J. This is a suit by the Virginia-Carolina Chemical Company, a corporation, against H. J. Morgan on a promissory note executed and delivered by him to it, dated December 1, 1919, and payable November 15, 1920. The defendant pleaded payment and set-off. The set-offs claimed are for commissions on fertilizer sold by defendant for plaintiff, for money had and received, and for work and labor done by defendant for plaintiff. To these pleas plaintiff filed general issue, and replied with payment to pleas of set-off. The cause was tried by a jury. They returned a verdict in favor of the plaintiff, and, from a judgment thereon by the court, this appeal is prosecuted by the defendant.

[1] The appellee filed motion to dismiss the appeal on the ground an appeal bond was not given as the statute requires. The judgment was rendered on July 9, 1923. The appeal was taken by giving security for the costs of the appeal, which was filed with and approved by the clerk of the court on July 27, 1923. The appeal was taken within six months from the rendition of the judgment, which was within the time allowed by the statute. Section 2868 of the Code of 1907, as amended Acts 1909, p. 165, § 1, now section 6127, Code 1923. This appeal by giving security for cost is in the form of a bond and is more formal than is usual or is required, but the appeal is clearly taken by giving security for the cost thereof, which was filed with and approved by the clerk of the court, as the statute permits. Section 1, Gen. Acts 1919, p. 84, now section 6101, Code 1923. See, also, section 2872, Code 1907, now section 6131, Code 1923. The motion to dismiss the appeal is denied. Jacobs v. Goodwater, 205 Ala. 112, 87 So. 363.

[2] The testimony of defendant, testifying for himself, tended to show the note sued on was given for fertilizer purchased from plaintiff by him. In 1919, defendant sold fertilizer for plaintiff at a salary of $150 per month for six months, and $1.50 per ton commissions on every ton sold and collected by him, and defendant was to get Dave Brown and Luke Bryant to help him, which he did. The note was given to one Hollingshed for plaintiff, and the trade was made to sell fertilizer for plaintiff with Hollingshed. Hollingshed, in the fall of 1919, came to defendant and got the notes and books from defendant showing persons owing amounts to plaintiff for fertilizer sold in 1919 by defendant. The defendant offered to testify that at the time the books and these papers were delivered to Hollingshed, defendant at the same time made payments to him for plaintiff for collections on fertilizer sold, but the court would not permit him to do so.

There was evidence tending to show that Hollingshed was plaintiff's agent. He secured these books and papers from defendant, and delivered them to D. M. Brown.

There was a letter dated February 26, 1920, introduced in evidence, which was written by plaintiff stating D. M. Brown was its agent at that place, authorized to collect for the fertilizer sold by H. J. Morgan, the defendant. There was also evidence that this contract in 1919 was made by plaintiff through Hollingshed with the defendant; that Hollingshed received orders for fertilizer for plaintiff from defendant, and shipped it, and that defendant received the fertilizer ordered and made payment to Hollingshed for it; that orders for the fertilizer were made through Hollingshed from the plaintiff at Birmingham, and payments were made to Hollingshed for it. Hollingshed was seen in plaintiff's office in Birmingham receiving and filling orders. This note sued on was given to plaintiff through Hollingshed for fertilizer, and plaintiff shipped the fertilizer for it to defendant. There was evidence tending to show that Hollingshed was the agent of plaintiff, authorized to collect and receive payment for this fertilizer sold by defendant, and the court should have allowed the defendant to testify that, when he delivered the books and papers to Hollingshed for plaintiff, he also made payments to him for fertilizer collections due the plaintiff. Robinson v. Greene, 148 Ala. 434, 440, 43 So. 797; Salvo v. Wilson, 189 Ala. 446, 449, 66 So. 613. But the defendant was not injured by this ruling, as the court permitted him to testify that he ordered from and sold for plaintiff in 1919 fertilizer amounting to 878 tons; that he collected for all of it except 81 tons, and made payment therefor to Hollingshed for plaintiff; that plaintiff paid him his salary and owed him the commission ($1.50 per ton on 797 tons), and that he owed plaintiff for the note—to use his language, "I have never paid the note sued on in any way; nothing only my commissions."

Written charges numbered 1, 2, and 3, separately requested by the plaintiff and given by the court, should have been refused, and written charge numbered 1, requested by the defendant, which was refused by the court should have been given.

There was evidence that defendant owed plaintiff the full amount of the note, and there was evidence tending to show that plaintiff owed defendant when the suit was filed $1.50 per ton on 797 tons of fertilizer; that the amount due defendant by plaintiff exceeded the amount due plaintiff by defendant when the suit was commenced by the plaintiff. The note is for the sum of $502.50, with interest from December 1, 1919, at 6 per cent. per annum. The complaint claimed $75 as attorney's fee. The jury on July 9, 1923, found the amount due plaintiff by defendant on the note to be, including attorney's fee, $276. It is evident from this amount that the jury allowed the defendant a part of his claim in his plea of set-off.

[3] In 8 Corpus Juris, 1098, headnotes 5 and 6, we find the following general headnote on this subject, which we approve:

"If defendant is successful in the action, there is no liability for attorney's fee, and the same is true where a counterclaim is successfully interposed for a sum in excess of the note sued on."

[4] If the defendant is successful in the set-off interposed only in part, thereby reducing the amount claimed on the note sued on, then the amount of the attorney's fee should be correspondingly reduced. These principles are sustained by Ward v. Boydstan, 63 Tex. Civ. App. 656, 134 S. W. 786; Couturie v. Roensch (Tex. Civ. App.) 134 S. W. 413, headnote 3. See, also, sections 5860–5865, Code 1907.

[5] Two errors assigned, one based on written charge numbered 4, given for plaintiff, and the other based on written charge numbered 2, refused to defendant, were not argued and urged in brief of appellant, so they will be considered by us as waived. Marengo County v. Barley, 209 Ala. 663, 96 So. 753, headnote 4.

[6] The plaintiff filed motion to strike certain documents, pleading, and charges from the bill of exceptions, because they should not have been incorporated therein, and to strike certain documentary evidence from the bill of exceptions, because they were not set out in full, and were not sufficiently described therein to be identified. Appellant concedes parts of the motion should be granted and contends parts of the motion are not well taken. This matter cannot affect the result of this cause. The bill of exceptions contains sufficient evidence not involved in the motion to strike to show the court erred in giving and refusing the written charges hereinbefore mentioned, and for these errors the judgment must be reversed. So no necessity exists for us to discuss and pass on these motions to strike out certain documents in the bill of exceptions.

For the errors mentioned, the judgment is reversed, and the cause remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.