(105 So. 813)

## EZZELL et al. v. EZZELL et al.
### (8 Div. 677-8.)

(Supreme Court of Alabama.  Oct. 15, 1925.)

**1. Deeds ⬤⇒9 — Deed delivered in lifetime, though postponing possession until grantor's death, vests title in grantee.**

Deed actually delivered in grantor's lifetime, postponing possession until grantor's death, effectually vests title in grantee.

**2. Partition ⬤⇒21—Bill for partition held to contain equity, notwithstanding power given by will to executrix in that behalf.**

Bill by devisee under will for partition, or sale for division, of lands and property of estate *held* to contain equity, notwithstanding power given by will to executrix in that behalf, and bill will be retained, regardless of pending administration of estate, but subject to condition of estate at time of hearing.

Appeal from Circuit Court, Franklin County; Chas. P. Almon, Judge.

Bills in equity by Oce Ezzell and others against Gertrude Ezzell and others. From a decree denying relief, complainants appeal. Affirmed in part, and reversed and remanded in part.

The nature of the case is sufficiently stated in the opinion and decree of Almon, Circuit Judge, as follows:

"This cause coming on to be heard was submitted on pleading and proof noted by the register. Under an agreement of the parties the case of same complainants against Gertrude Ezzell individually and as executrix et al., No. 212, was submitted at the same time. John T. Ezzell died on the 1st day of February, 1922. On February 14th of the same year Gertrude Ezzell filed her petition in the probate court of Franklin county, Ala., to probate the last will and testament of the decedent. The will was admitted to probate on March 14, 1922, and letters testamentary issued to Gertrude Ezzell, the party named in said will as executrix. On February 21, 1922, the first of these two suits was filed. A short time thereafter, on March 15th, the second suit was filed.

"The first suit seeks the cancellation and annullment of a deed of conveyance made by John T. Ezzell to Gertrude Ezzell bearing date April 1, 1919. By the terms of this deed John T. Ezzell gave to his daughter a large part of his real and personal property, including his homestead, for a consideration expressed in the deed of $500. The deed stipulates it is not to take effect until after the death of the grantor. The bill also seeks a sale of the real and personal property of the estate for division between joint owners, and that respondents be charged with such of the estate as they or either of them may have disposed of.

"The second suit alleges the due probate of the last will and testament of John T. Ezzell in which Gertrude Ezzell is named as executrix and given power to dispose of the real and personal property. A copy of the will is made exhibit to the bill. The bill further prays for the removal of the administration of the estate from the probate court into this court.

"By the terms of the will the property of testator is given to his children in equal parts; after payment of debts and expenses the executrix may pay out in discharging the trust, 'she receiving an equal share with the other five children, there being five children in all.' The will relieves the executrix from giving bond or filing an inventory of the property in the court, and gives the executrix 'power to sell and convey any and all' of the property, and 'to make distribution of the proceeds thereof as she may see fit, unless some limitation as to the disposition of such proceeds is hereinafter contained.'

"The respondent Gertrude Ezzell, individually and as executrix, filed answer to both bills, alleging the execution and delivery by John T. Ezzell to her of the deed. She has made an inventory of all the property conveyed to her by deed, and also a separate inventory of the property belonging to the estate, which inventories are made a part of her answer. She has also executed a bond conditioned upon her faithful discharge of the trust imposed upon her by the will as directed by former decree of this court. The respondent Robert Ezzell filed an answer denying the principal allegations of the bill. In this case, No. 210, the one first filed, the main controversy is on the question as to whether the deed from John T. Ezzell to his daughter Gertrude Ezzell was delivered.

"Under agreement of parties all testimony taken was to be used in both cases where competent. A great number of witnesses have been examined. Much of the testimony is irrelevant.

"After due consideration of all the legal evidence, the court is of the opinion the deed from John T. Ezzell to his daughter, Gertrude Ezzell, dated April 1, 1919, was delivered by the grantor to the grantee, and vested in her title to the property therein described, subject to the life estate of the grantor.

"And, as the estate of John T. Ezzell, deceased, is being administered by the respondent Gertrude Ezzell, as executrix, of the last will and testament of the said John T. Ezzell, deceased, the complainants are not entitled to have the property of the estate of John T. Ezzell, deceased, sold for partition and division,

---

but it should be sold by the executrix of his will and his debts, if any, paid, and the remainder of the proceeds of the sale of this property be distributed by the executrix of his will as directed in the will.

"It is therefore ordered, adjudged, and decreed by the court that complainants are not entitled to relief, and that this cause, together with complainants' bill of complaint, be dismissed out of this court at the cost of the complainants, the cost to be taxed by the register of this court for the collection of which execution may issue."

Complainants appeal from the decrees denying relief in each of the two cases.

Wm. L. Chenault, of Russellville, for appellants.

Delivery of the deed is essential to pass title to property. Culver v. Carroll, 175 Ala. 469, 57 So. 767. Partition or sale for division is a matter of right, on the application of one or more joint owners. Wood v. Barnett, 208 Ala. 295, 94 So. 338; Parker v. Robertson, 205 Ala. 434, 88 So. 418.

Travis Williams, of Russellville, and Kirk & Rather, of Tuscumbia, for appellees.

Counsel discuss the questions raised and treated, but without citing authorities thereto.

SOMERVILLE, J. [1] We have examined the evidence in this record—particularly that bearing upon the question of the delivery vel non of the deed from the decedent to the respondent Gertrude Ezzell—with critical care; and, while there is room for a difference of opinion, we are satisfied that the decedent not only made the deed for the purpose of delivery, but that he actually delivered it in his lifetime to his daughter Gertrude, and thereby effectually vested in her the title, though possession was postponed until the grantor's death. The question was one purely of fact, and we think it was correctly determined by the trial court.

[2] But, under our ruling in the recent case of Parker v. Robertson, 205 Ala. 434, 88 So. 418, the bill contains equity as a bill for partition, or sale for division, of the lands and property of the estate, notwithstanding the power given by the will to the executrix in that behalf. The bill should therefore have been retained for that purpose, subject, of course, to the condition of the estate at the time of the hearing.

To this extent, and to this extent only, the decree of the circuit court will be reversed, and the cause remanded for further proceedings. In other respects the decree will be affirmed.

Affirmed in part, and reversed and remanded in part.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.