(109 So. 166)

**NELSON et al. v. ATKINS et al.**      (2 Div. 895.)

(Supreme Court of Alabama.      April 15, 1926.
Rehearing Denied June 30, 1926.)

**I. Executors and administrators** ⊙�longdash⟩138(1).

Under will authorizing executors to sell any of estate, executors need not exercise authority in absence of necessity.

**2. Appeal and error** ⊙�longdash⟩1017.

Oral evidence before register on reference will be treated like verdict of jury, and not disturbed unless conclusions are clearly erroneous.

**3. Appeal and error** ⊙�longdash⟩1022(1).

Decree of trial court confirming register's report on reference gives weight to report.

**4. Executors and administrators** ⊙�longdash⟩496(3).

Executors *held* not entitled to additional commissions and attorney's fees, in view of lump settlement made on previous report and express waiver of additional attorney's fees.

**5. Reference** ⊙�longdash⟩100(6).

Exceptions to report of register because of failure to appoint day for reference will be overruled, where report shows notice was given, and all parties appeared and filed no objections to proceeding therewith.

**6. Appeal and error** ⊙�longdash⟩1078(1).

Errors not urged and argued by appellants in their brief will be considered waived by Supreme Court.

Appeal from Circuit Court, Dallas County; S. F. Hobbs, Judge.

Proceeding between Hugh Nelson and others, executors, on final settlement of the estate of W. R. Nelson, deceased, opposed by Page N. Atkins and others. From the decree the executors appeal. Affirmed.

Hugh Nelson, of Montgomery, for appellants.

Counsel argues for error in the decree, and cites Code 1923, § 5849; Dent v. Foy, 206 Ala. 454, 90 So. 317; Wilson v. Holt, 83 Ala. 528, 3 So. 321, 3 Am. St. Rep. 768; Code 1923, § 5923; Bobe v. Stickney, 36 Ala. 482; Code 1923, §§ 6594–6596.

Pettus, Fuller & Lapsley, of Selma, for appellees.

Brief of counsel did not reach the Reporter.

MILLER, J. The administration of the estate of W. R. Nelson, deceased, under his last will and testament, was by decree on application of his executors transferred from the probate court to the circuit court in equity of Dallas county, as authorized by section 6478, Code of 1923 (Acts 1915, p. 738, § 3).

The court by decree directed the executors to file their accounts and vouchers for final settlement of the estate with the register of the court, which they did. The register of the court held a reference, and in his report recommended that the executors be not finally discharged, as there was pending in the Supreme Court a case on an appeal by the executors from a decree rendered in the probate court ordering a sale of certain real estate of the testator for division among the joint owners; that the estate so far as the personal property is concerned was ready for final settlement. The report showed an auditing and statement of the account covering their acts of administration as such executors, since the last partial settlement. The executors filed exceptions to the report of the register, which were overruled by the court. The report was confirmed by the decree of the court, and the decree declared the estate as finally settled as to the personal property, and the executors were released from further liability for the personal property of said estate.

[1] This appeal is by the executors from that decree. The appeal by the executors from the probate decree, mentioned above, has been determined. Nelson v. Atkins, 109 So. 882.[1] The debts of decedent have been paid, the personal assets of the estate have been divided according to the terms of the will, and no question is presented by appellants in that line for consideration. But there is real estate devised by decedent, and it has not been sold for division and distribution; and appellants contend this is necessary under the will before there can be a final settlement of the administration. This is based on the fact that the will of decedent contains this provision:

"Said executors or either in event only one shall qualify, shall have authority and power to sell any of my estate, real, personal, or mixed, for division and distribution."

This provision in the will does not direct nor does it require the executors to sell the real estate for division or distribution, but it is simply authority for them to do so—an authority which may be exercised by them. It is not essential that the executors exercise this authority conferred by the will to sell the real estate of the testator for division or distribution before a final settlement of the estate can be made by them. There is no testimony showing a necessity for this real estate to be sold by the executors in order to carry out the will of the decedent or to comply with the statutes as to the administration of the estate. So, under the testimony in the record, we see no necessity for a sale of this real estate by the executors and no valid reason why the administration of the estate cannot now be finally settled in the equity court, and the executors discharged from further liability, without a sale of this real property by the executors. Hugh Nelson v. Page Nelson Atkins, 109 So. 882;[1] Parker v. Robertson, 205

⊙⟍⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Post, p. 88.

Ala. 434, 88 So. 418; Ezzell v. Ezzell, 213 Ala. 544, 105 So. 813.

The appellants contend the report of the register and the decree confirming it were erroneous because it failed to allow the executors compensation and their attorney a fee for advice and services rendered. One of the executors was their attorney. It appears the testator left a memorandum, referred to in the will, which recommended that $1,500 commissions ($750 to each executor) be paid the executors. This was allowed, and paid to them on a former settlement by the register which was approved by the court, and on that settlement the executor, who was also their attorney, was allowed and paid $500 in full payment for services rendered as an attorney, which was approved by the court. The register in this last report to the court stated:

"These commissions were fixed at the lump sum of $1,500 in the will or in a memorandum accompanying the will, and were allowed to the executors in the report of the register of March 28, 1924, which report was not excepted to and which was in all things ratified and confirmed. In the report of March 28, 1924, of the register, the executors were allowed $500 as attorney's fees in full. Said report was confirmed without exceptions, and at the reference of August 24, 1925, the register informed the executor, Hugh Nelson, that if he wished any additional attorney's fee, he, the register, would gladly hear any testimony he would introduce on that subject, and in reply to the register's offer Mr. Nelson said he would waive any additional fees and would offer no evidence."

So it appears from the report of the register a lump sum of $1,500 commissions was allowed and paid the executors under the memorandum recommending it by the testator attached to the will, and that $500 was allowed and paid one of them as an attorney's fee, and he expressly waived any additional attorney's fee.

[2-4] The evidence on this reference, on which the register's report is based, was taken by him orally, the witnesses being examined in his presence. It appears Mr. Nelson, the attorney and executor, made this statement orally to the register. The facts found and reported by the register to the court on a reference held by him on oral evidence of the witnesses will be treated like the verdict of a jury, and should not be disturbed unless his conclusions are clearly erroneous. "This presumption in favor of the report of the register has the decree of the court confirming it, which gives weight to it." Johnston v. Johnston, 212 Ala. 351, 102 So. 709,

headnote 2; Curtis v. Curtis, 180 Ala. 70, 60 So. 165. The evidence sustains the report of the register as to commissions and fees, and the court did not err in confirming that part of the report, and in not allowing any further commissions and attorney's fees to the executors. The attorney cannot justly complain at the report of the register and the decree of the court allowing him no additional fee, because he expressly "waived any additional attorney's fee." Authorities, supra.

[5] The appellants insist the report of the register should not have been confirmed by the court because the register failed to appoint a day for the reference and give notice of same. The report of the register states:

"In obedience to this decree, the register gave due notice to all the parties in interest in that said reference would be proceeded with on the 30th day of September, 1925, and on said day, said Hugh Nelson not having been served with notice, the execution of said reference was continued until the 2d day of October, 1925, and all the parties in interest were again notified of said reference and the continuance thereof. On said 2d day of October, 1925, the register proceeded with the execution of the reference, and there were present before him Hugh Nelson, and Heyward McFaddin, as executors of the will of the testator, Hugh Nelson, Mrs. Aimes Du Bose, Miss Janie Nelson, and Mrs. Grace McFaddin, legatees and heirs of W. R. Nelson, deceased, and E. W. Pettus, Esquire, as attorney for Mrs. Page Atkins, one of the legatees and heirs."

The executors were present, and filed no objections to proceeding with the reference and settlement. No legatee or heir or devisee complains, so under the facts stated in the report by the register we must hold that all interested parties were given due notice of time for the reference to be held, and the court did not err in overruling these exceptions of the executors to the report of the register. Curtis v. Curtis, 180 Ala. 70, 60 So. 165, and Johnston v. Johnston, 212 Ala. 351, 102 So. 709.

[6] We have considered the errors assigned, pressed, and argued in brief of appellants, and those not urged and argued by appellants in their brief will be considered waived by this court. Morgan v. V. C. Chemical Co., 213 Ala. 551, 106 So. 136, headnote 5; Marengo Co. v. Barley, 209 Ala. 663, 96 So. 753.

The decree confirming the report of the register is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.