(128 So. 387)

## CROSSWHITE et al. v. BRADFORD.

### 8 Div. 170.

Supreme Court of Alabama.

May 15, 1930.

Travis Williams, of Russellville, for appellants.

Wm. L. Chenault, of Russellville, for appellee.

GARDNER, J.

Florence Bradford, complainant to the bill in this cause, was the widow of Joseph C. Crosswhite, and seeks primarily by this proceeding to have a sale of the land for division among the devisees of the will of said Crosswhite. The will is made an exhibit to the bill, and appears in the report of the case.

Respondents, the devisees under the will and the executor, interposed a demurrer to the bill challenging complainant's right to a sale of the land, which demurrer was overruled, and from this decree the appeal is prosecuted. The demurrer is rested upon the theory that under the terms of the will the power of sale or disposition of such realty is vested in the executor only, and exclusive of the right of any of the devisees.

We cannot accede to this interpretation of the will, and are of the opinion the cases of Parker v. Robertson, 205 Ala. 434, 88 So. 418, Nelson v. Atkins, 215 Ala. 76, 109 So. 166, and Ezzell v. Ezzell, 213 Ala. 544, 105 So. 813, are conclusive to the contrary view.

It is clear that the fee-simple title vested in the devisees under the will, and the foregoing authorities are to the effect that a mere power to sell granted to the executor did not serve to deprive the devisees of this right and control over their property including a sale for division, the executor having taken no action to that end.

Respondents lay much stress as a point of differentiation upon the words, "subject, however, to the authority given herein to my executor," found in item 2 of the will devising all of his property to his wife and children share and share alike. The will provided that the executor handle the estate without accounting to any court and without bond. He is also vested with power of sale, both as to personalty and real estate. We cannot construe the quoted language, however, as so restricting the right of control over the vested estate by the devisees as to deprive them of a division thereof, in the absence of such action by the executor. The will contains no language indicating an intention that the estate be kept together and no trustee thereof was provided for. It gave the property absolutely to the devisees, and these words merely serve to direct attention to the authority granted the executor. Each devisee was to receive a one-seventh interest, and item 3 strongly indicates that each was to receive his or her proportionate share, as it makes provision of any residue of the widow's share should she die leaving any of her one-seventh interest unexpended. The cases cited by appellant, Tarver v. Haines, 55 Ala. 503; Henderson v. Henderson, 210 Ala. 73, 97 So. 353; Randolph v. Land Co., 104 Ala. 355, 16 So. 126, 53 Am. St. Rep. 64; Coker v. Hughes, 205 Ala. 344, 87 So. 321, have been each examined, but they deal with trust estates and instruments creating the same, wholly unlike that here considered. Likewise are sections 6912, 6913, Code 1923, also cited by counsel, inapplicable as dealing with the question of trusts. No trust estate is here involved. The devisees own the property absolutely and without restriction as to the use and enjoyment thereof.

We think the decree fully supported by the authorities first herein cited, and it will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.