**WAGONMASTER, INC.,**
Plaintiff-Appellant,

v.

**Dr. Donald J. PARROT and Mrs. Donald J. Parrot, Defendants-Appellees.**

No. 84CA0711.

Colorado Court of Appeals,
Div. II.

Dec. 5, 1985.

Andersson, Gerig, Gross & Lederer, P.C., William M. Lederer, Colorado Springs, for plaintiff-appellant.

Berniger, Berg, Sterling, Rioth & Diver, Joseph W. Diver, Colorado Springs, for defendants-appellees.

VAN CISE, Judge.

In this home construction dispute, plaintiff, Wagonmaster, Inc. (the contractor), commenced this action against defendants, Dr. and Mrs. Donald Parrot (the owners), to enforce and foreclose its mechanic's lien against the property and to recover damages for the owners' breach of contract in not paying for extras. The owners counterclaimed for damages for the contractor's breach of contract and negligence in the construction of the house. The jury awarded $10,000 to the contractor on its complaint and $19,300 to the owners on their counterclaim.

The construction contract provided:

"The Owner(s) agrees to pay interest at the rate of 1½% per month (18% per year) on the unpaid balance on past due amounts until it is paid in full and further agrees to pay any collection costs, lien fees, and reasonable attorney's fees and court costs as may be required."

Based on the above provision, the contractor filed a motion requesting that interest and its attorney fees be added to its $10,000 award. The trial court denied the motion. It then entered judgment for the owners for the $9,300 difference between the two awards, plus interest and costs.

The contractor appeals the denial of its motion for interest and attorney fees and the judgment entered without allowing those items. We affirm.

In *York Plumbing & Heating Co. v. Groussman Investment Co.*, 166 Colo. 382, 443 P.2d 986 (1968), the supreme court addressed a situation similar to the one

here in which two claims arose out of the same general transaction. It held that:

" 'Where a claim under an agreement is certain and liquidated, but is reduced because of the allowance of an unliquidated off-set or counterclaim, interest may be allowed only on the balance due.' "

In the present case, after offsetting the amount awarded for the owners' counterclaim, there was no "balance due" to the contractor on which to allow interest.

■ Since the amount of damages awarded the owners was greater than the amount awarded the contractor, there was no "unpaid balance on past due amounts." There was no basis for allowance of the contractor's attorney fees.

Therefore, we hold that the contractor is not entitled to a judgment for attorney fees or interest under the applicable contract provision when the owners obtained a judgment on their counterclaim arising out of the same transaction that is greater than the amount of the judgment in favor of the contractor. *See Selman v. Bryant*, 261 Ala. 53, 72 So.2d 704 (1954); *Pioneer Constructors v. Symes*, 77 Ariz. 107, 267 P.2d 740 (1954); *Glen Alden Corp. v. Duvall*, 240 Md. 405, 215 A.2d 155 (1965); *Dooling v. Casey*, 152 Mont. 267, 448 P.2d 749 (1968); *Nalder v. Kellogg Sales Co.*, 6 Utah 2d 367, 314 P.2d 350 (1957); *Morgan v. Young*, 203 S.W.2d 837 (Tex.Civ.App.1947).

Judgment affirmed.

STERNBERG and METZGER, JJ., concur.