# Upshaw, et al. v. Upshaw, et al.

### Bill for Partition.

(Decided December 19, 1912.  60 South. 804.)

1. *Partition; Right to; Descent.*—A father conveyed an undivided one-third interest in certain lands to his son, who accepted the conveyance, subject to the father's right to have the lands described in the conveyance partitioned, if that could be done, and, if not, then that the lands should be sold, that the proceeds might be distributed among its owners.  Held that the right, on the death of both the father and the son, descended to their widows and heirs respectively, who took the same rights as the decedent, whom they represent.

2. *Same; Parties; Widow; Assignment of Dower.*—Where a father conveyed an undivided one-third interest in certain lands to his son and the father and son died, each leaving a widow and heirs to whom their various interests respectively descended, and the land could not be divided in kind, and there had been no assignment of

[Upshaw, et al. v. Upshaw, et al.]

dower or homestead to the widow or minor child of the son, though the father's widow had no legal title to the land, her children, who were joined as co-complainants, did have the legal title to an undivided portion thereof; and, since the land could not be equitably divided, it was the duty of the court on selling the land to award the value of the widow's dower and homestead rights out of the proceeds, and hence the widow was a proper party complainant for partition.

3. *Conversion; Sale of Land Subject to Dower and Homestead.*— Where land subject to homestead and dower is sold for division, the proceeds of the sale are treated as land.

4. *Dower; Assignment; Interest of Widow Prior to Assignment.*— The dower interest of a widow prior to assignment is a mere chose in action and not a legal title.

APPEAL from Coosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Eliza S. Upshaw and others against John T. Upshaw and others for partition of land. Decree for complainant and respondents appeal. Affirmed.

ESTES, JONES & WELCH, for appellant. No brief came to the Reporter.

S. J. DARBY, and HAYNES & WALLACE, for appellees. Bill for partition was properly filed.—*Callahan v. Nelson,* 128 Ala. 671. Courts of equity have concurrent jurisdiction with probate courts in the assignment of dower.—*Brooks v. Wood,* 40 Ala. 538; *Hause v. Hause,* 57 Ala. 253. The probate court has no jurisdiction to assign dower where the husband is only a tenant in common of the land.—3 Mayf. Dig. 98.

DE GRAFFENRIED, J.—This bill was filed by Mattie Nelson and Blanche Perry as two of the heirs, and by Eliza F. Upshaw as the widow, of John R. Upshaw, deceased, against Queenie Upshaw, the widow of A. W. Upshaw, Lillian Halbrook, Kate Hendricks, Carrie Bradley, and Lynn Upshaw, the children and heirs of A. W. Upshaw, deceased, the said A. W. Upshaw, at

the time of his death, being the third, and only other, heir of said John R. Upshaw. The bill seeks a sale of the land described in the bill of complaint for the purposes of distribution among its joint owners and other appropriate relief. The bill alleges that the lands cannot be equitably divided among the owners; that neither said John R. Upshaw nor said A. W. Upshaw owed any debts when he died; that no administration had been had upon the estate of either, as no administration upon either estate was necessary; and that no dower had been assigned or homestead set apart to the widow of either of said deceased parties.

Briefly stated, the facts, as disclosed by the bill of complaint, are as follows: John R. Upshaw during his life owned in fee simple 450 acres of land. A. W. Upshaw was his son and John R. Upshaw and his wife, said Eliza F. Upshaw, conveyed to said A. W. Upshaw in fee simple as an advancement to their son equal in amount to his full share of his father's estate an undivided one-third interest in said 450 acres of land. John R. Upshaw then died, and left surviving him his said widow, Eliza F. Upshaw, and his three children, viz., said A. W. Upshaw, Mattie Nelson, and Blanche Perry as his only heirs. The said A. W. Upshaw then died and left surviving him his widow, said Queenie Upshaw, and his five children, viz., John T. Upshaw, Lillian Halbrook, Kate Hendricks, Carrie Bradley, and Lynn Upshaw—the said Lynn Upshaw being a minor— as his only heirs.

At this point we may direct attention to the fact that, when John R. Upshaw conveyed an undivided one-third interest in the said lands to A. W. Upshaw, the said A. W. Upshaw accepted that conveyance subject to the right which was left remaining in said John R. Upshaw to have the land described in the conveyance partitioned,

if that could be done, and, if not, then sold in order that the proceeds of the sale could be distributed among its owners. *McLeod et al. v. McLeod,* 169 Ala. 654, 53 South. 834. The fact that said John R. Upshaw and A. W. Upshaw both died before any partition of the land was made, or before the lands were sold for the purposes of distribution, cannot, we think, affect that right which followed the lands into the hands of the heirs and widows of the respective parties. The widow and heirs of John R. Upshaw stand in his shoes, and the widow and heirs of A. W. Upshaw stand in his shoes. If the 450 acres of land can be equitably divided so as to give the heirs of John R. Upshaw in severalty two-thirds of said land in acreage and value and the heirs of A. W. Upshaw in severalty one-third of said land in acreage and value, then, by appropriate proceedings, this can be done, and the homestead of each widow can be set apart and the dower of each can be properly assigned by metes and bounds out of the lands so set aside to each set of heirs. If, on the other hand, as the bill alleges—and the allegations of the bill of complaint on this subject, on this demurrer, must be taken as true—the lands cannot be equitably divided among the owners, then the heirs and the widow of A. W. Upshaw acquired upon the death of said A. W. Upshaw no greater rights in or about said lands as such widow and heirs than said A. W. Upshaw enjoyed during his life, and as the widow and heirs of said John R. Upshaw possess, as such heirs and widow, the same identical interests, powers, and rights in and over said lands that John R. Upshaw possessed at the time of his death, the complainants have the equitable right to a sale of said lands for the purposes of distribution, and a court of equity has the power, by appropriate decree, to protect the widow of each in her dower interest in

the proceeds of the sale, and also the respective homestead rights of each and of the minor child of A. W. Upshaw therein.

For the purposes of homestead and dower the proceeds of the sale will be treated as the land itself.— *Williamson v. Mason,* 23 Ala. 488; *Chaney v. Chaney,* 38 Ala. 35; *McLeod et al. v. McLeod,* 169 Ala. 661, 53 South. 834.

2. In the instant case dower has not been assigned to either widow. Neither widow, therefore, possesses the legal title to any estate in said lands. The interest of each is so far as the dower is concerned in its very essence of an equitable nature, "a right lying in action." —*Reeves v. Brooks,* 80 Ala. 26; *Bettis v. McNider,* 137 Ala. 588, 34 South. 813, 97 Am. St. Rep. 59.

No homestead has been allotted to either widow or to said minor child in said lands. It is evident—if the allegations of the bill are true—that the allotment of a homestead by metes and bounds to either widow cannot be had. The parties have rights, but they are such rights as the law cannot adjust for them. While Mrs. Eliza F. Upshaw has no legal title to the land, her two co-complainants have the legal title to an undivided portion of such land, and, as the lands cannot be equitably divided, they have the right to have that land sold for distribution, and, when the money arising from the sale is paid into the chancery court, then Mrs. Eliza F. Upshaw's equitable claim upon that money growing out of her dower and homestead rights can be adjusted by that court. It seems clear, therefore, that there was no misjoinder of parties complainant to the bill, and that the bill of complaint contains equity. The chancery court properly held the complainant's bill not subject to the respondent's demurrer.

The judgment of the court below is affirmed.

Affirmed. All the Justices concur.