28 So.2d 198

**JONES et al. v. GLENN.**

**5 Div. 424.**

Supreme Court of Alabama.

Dec. 5, 1946.

Denson & Denson, of Opelika, for appellants.

454

R. C. Smith, of Opelika, for appellee.

FOSTER, Justice.

The question on this appeal relates to the right of the administrator of a deceased devisee and beneficiary under a testamentary trust to have the administration of the estate of the trustor removed into equity, and then distributed to include him as administrator of the deceased devisee and beneficiary to be used by him in payment of the debts of said deceased, and the balance to those entitled to the same, and for other relief. It shows that his intestate was not only a devisee and beneficiary of the trust, but was also one of four executors named in the will on whom was conferred trust powers. That after the death of his intestate, the other executors acting under such power, sold some of the land to named persons, and that there is other land so held still in the hands of said surviving executors, which should be sold subject to the dower interest of the widow of his intestate, and his interest paid to complainant as such administrator; and that the dower interest of the widow of his intestate be set aside to her out of all the land which trustor owned at the time of his death. He also calls upon said surviving executors to file inventory of all assets of testator, and prays that they be required to execute bond.

A copy of the will of testator was attached. In Item V, it devised to her four children, including complainant's intestate, all her property not otherwise disposed of. In Item VI, it is directed that none of the real estate be sold or disposed of for a period of two years, but kept together by the executors (who are the four children by name), and it makes provision for a disposition of the income. It then provides that at the expiration of said period of two years the executors shall sell said real estate and divide the proceeds in the proportion set out in Item V, supra.

The bill shows that after the two year period had expired and after the death of his intestate, the remaining executors sold to D. M. Rencher, Sr., and D. M. Rencher, Jr., a described portion of the real estate and executed a deed to them. Item VII of the will provides that in the event of the death, failure to qualify, or resignation of any named executors, either, all, or any of them, were empowered to make said sale privately or publicly for division after the expiration of said period of two years.

The trial court made an order removing the administration of testator's estate into equity, and overruled demurrer to the bill as a whole, and to its various aspects.

The administration of complainant's intestate's estate is already now in equity.

The demurrer to the bill as a whole goes to the general equity. It is sufficient as one to remove the administration into equity under section 139, Title 13, Code.

Being in equity, the court may adopt its own system of procedure according to its rules and practice. Section 138, Title 13, Code. So that as a feature of said administration, it may bring the executors, alleged to have sold some of the land

under the power in the will, to a settlement and distribution of the proceeds of such sale upon the allegation and showing made in the bill that complainant's intestate is entitled to one-fourth of the proceeds of such sale. The will so provides. The bill sufficiently sets forth the facts on which it is alleged that he is entitled to one-fourth of the proceeds.

It may be observed that the provision of Item V, by which if one of the four devisees and beneficiaries should die without leaving legitimate issue, his share shall revert to and become a part of the estate of testator to be divided among his remaining children, speaks of a status existing at the death of the testator, and not at the death of the devisee if it occurs after that of testator, since there is no showing that it has some other meaning. Darrow v. City of Florence, 206 Ala. 675, 91 So. 606; Alexander v. Alexander, 239 Ala. 76, 193 So. 736; White v. Fowler, 245 Ala. 209, 16 So.2d 399.

The bill seeks to establish the dower interest of the widow of his intestate in the land sold, as well as in that which remains. But, as we will show, that is more properly an incident in the administration of the estate of his intestate, rather than of the estate of the testator. But there are features of the bill which seem to justify a consideration of the status of such dower rights, particularly on the demurrer of Rencher, Sr., and Jr., going to their interest in the litigation.

It is clear that the dower rights of the widow of complainant's intestate are subject to the power of sale conferred in the will on the executors, 28 C.J.S., Dower, § 34, p. 96, though it does not follow that it would not be proper to make such allowance out of the proceeds of the sale, all as we will show.

It is provided in section 6942, Code of 1923, in effect at the time of the death of testator (the same as section 90, Title 47, Code of 1940), that when a naked power is given to executors by a will to sell, the survivors, when one or more die, have the same power of making sale of the lands as all the executors named in the will might have; and that unless the contrary clearly appears by the terms of the will it will be presumed that the trust is not personal or confidential.

A discussion of the effect of this statute was first made in Tarver v. Haines, 55 Ala. 503. It is that it changed the common law which made a distinction between situations where the title was devised to executors with power to sell, and where a naked power was given without the vesting in them of the title. Under the statute the power vested in the survivors unless it was a personal or confidential trust manifest by the terms of the will. Robinson v. Allison, 74 Ala. 254; Hinson v. Williamson, 74 Ala. 180; Anderson v. McGowan, 42 Ala. 280; Marks v. Tarver, 59 Ala. 335.

Here the will in terms confers the power on the survivors, if one or more executors should die, fail to qualify, or resign. King v. Banks, 220 Ala. 274(16), 124 So. 871. Therefore the sale by the surviving executors under the power passed the legal title free from any claims of the widow, heirs or personal representative of the deceased devisee.

But the executors selling the land must distribute the proceeds as provided for in the will. Teal v. Pleasant Grove Local Union, 200 Ala. 23(5), 75 So. 335; 65 Corpus Juris 849. The will directs that the proceeds be divided "in the proportion set out in Item V of this will." That item devised the residue of her property to the four children, including complainant's intestate who having survived testator acquired a full share of one-fourth without limitation. But the legal title so acquired was subject to the power vested in the executors. The rights and interests of his widow in the land were subject to that power also.

The distribution of his share of the proceeds is due to be made under applicable law, to his widow and heirs according to their respective interest. While that situation serves to vest title in the Renchers, free from any claim of dower, it does not serve to exclude the wife of complainant's intestate from sharing in the proceeds to the extent of her dower

456

interest, but upon proper conditions. Chancy's Heirs v. Chaney's Adm'r, 38 Ala. 35; McLeod v. McLeod, 169 Ala. 654, 53 So. 834; Upshaw v. Upshaw, 180 Ala. 204, 60 So. 804. It is quite appropriate for this to be effected through complainant as administrator of that estate. Chaney v. Chaney, supra. But Rencher, Sr. and Jr., are not proper parties, and their separate demurrer on that ground should have been sustained. Norwood v. Memphis & C. R. Co., 72 Ala 563; Bolling v. Vandiver, 91 Ala. 375, 8 So. 290.

The demurrer is also addressed to that feature of the bill which seeks a sale of the remainder of the real property in the trust, so that complainant as administrator of the deceased devisee may receive the share due his intestate. The bill makes no allegation that it cannot be equitably divided between the tenants in common without a sale, and that the executors unduly delayed selling it for that purpose. It has been held that on such allegations a court of equity administering the estate may order a sale of the property for division, though the will provides for a sale by the executors, when they have unduly delayed doing so. Parker v. Robertson, 205 Ala. 434(6), 88 So. 418; Crosswhite v. Bradford, 221 Ala. 219, 128 So. 387. But this will not be done except upon the required allegations, and even then proper steps must be taken to protect the rights of creditors of testator, if there are any Long v. Shumate, 237 Ala. 470, 187 So. 627. The necessary allegations do not appear. Therefore the demurrer to that aspect of the bill was well taken, and should have been sustained.

The demurrer is also addressed to that aspect of the bill which seeks to have dower awarded to the widow of complainant's intestate, and the land when sold be subject to such rights. This is of course subordinate to the due administration of testator's estate, and the disposal of the land as an incident thereof.

If the land now remaining unsold cannot be divided among the tenants in common without a sale, and a sale is therefore ordered to be made for that purpose,

such a sale would free the land from any claim of dower by the widow of complainant's intestate as a tenant in common, and his share of the proceeds of the sale would be treated as land, out of which her dower interest could be awarded. Chaney v. Chaney, supra; Upshaw v. Upshaw, supra; McLeod v. McLeod, supra; O'Steen v. O'Steen, 204 Ala. 397, 85 So. 547: see, also, section 45, Title 34, Code, not directly in point. If the land can be, and is, equitably partitioned without a sale, the dower of the widow of complainant's intestate may be assigned in his share so set apart as in any other lands he may have owned, and the administrator may proceed to have that done in equity as in the probate court. Section 51, Title 34, Code. A court of equity has full power as to such matters. Bank of Hartselle v. Brindley, 213 Ala. 405, 104 So. 803. But the land will not be sold for division subject to such dower rights as seems to be the purpose of the bill. Complainant should either obtain partition in kind between the devisees of testator by proceeding in her estate, and then by a separate proceeding as a feature of the estate of his intestate petition for an assignment of dower and sale for the payment of debts or distribution; or in her estate pray for a sale because it cannot be equitably divided between the devisees of testator, with payment to him as administrator of the amount representing the share of his intestate, out of which the dower rights of his intestate's widow may be determined in the administration of his estate. It is not necessary at this stage of the administration of testator's estate to consider the extent or amount of the dower rights of the widow of complainant's intestate. The equity of this bill is to transfer to the circuit court in equity the administration of the estate of testator, and there complete it. The other matters to which complainant is entitled in this suit are referable to the administration of that estate. As such administrator of the devisee, he is entitled to share in the estate of testator under the terms of the will: that includes the right to receive one-fourth of the proceeds of the sale of the land which has been or which may be

sold either by the executors or on the order of the court. When there is made settlement with him as such administrator, then he must in process of his administration separately administered dispose of the proceeds according to the rights of the widow and others as their interest may appear. That will include the question of the extent of the dower rights of the widow and the payment of debts. But such dower rights cannot affect the title of the purchasers either from the executors under the power or at sales which may be made by order of the court in administering the estate of testator. The demurrer addressed to that aspect of the bill should have been sustained.

An amendment to paragraph 6, making it 6(a and b) alleges that there are debts of complainant's intestate which cannot be met out of his personal property, and that it is necessary to sell for that purpose his one-fourth interest in the lands of testator, which was devised to him, with the evident purpose of securing an order of sale for the payment of debts.

But such matters cannot be mingled with the equities of the instant bill, which has equity to administer the estate of the testator, not that of complainant's intestate. Let complainant in this litigation secure what he can out of the estate of testator which he caused by this bill to be removed into equity, and then he will administer it in the proceeding of which he is the personal representative of his intestate. The two matters cannot be mixed in one suit.

The demurrer to paragraph 6(a and b) should have been sustained.

The demurrer to the bill as a whole was properly overruled.

The demurrer of Rencher, Sr. and Jr., should have been sustained, and a decree so doing is here made.

The demurrer to the separate aspects of the bill, as above indicated, should have been sustained, and a decree so doing is here made.

Affirmed in part, and reversed and rendered in part, and remanded.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.