**Frank A. CROSBY and P. E. Berry, individually and as Administrators of the Estate of Lewis G. Crosby, also known as L. G. Crosby, Deceased, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. No. 718.**

United States District Court
N. D. Florida.
May 20, 1957.

See also 148 F.Supp. 810.

Watson & Brown, Pensacola, Fla., for plaintiff.

Charles K. Rice, Asst. Atty. Gen., James P. Garland and Richard M. Roberts, Attys., U. S. Dept. of Justice, Washington, D. C., Harrold Carswell, U. S. Atty., Tallahassee, Fla., C. W. Eggart, Jr., Asst. U. S. Atty., Pensacola, Fla., for defendant.

DE VANE, Chief Judge.

From the admissions of the plaintiffs and defendant made at the pre-trial conference held prior to the trial of this suit, from the admissions made in the pleadings, and admissions made by the plaintiffs and defendant at the trial of this suit, and from the evidence adduced at the trial of this suit, the Court finds the following facts as having been established in this case:

Lewis G. Crosby, also known as L. G. Crosby (hereafter referred to as Crosby), died intestate on February 27, 1950, a citizen and resident of Escambia County, Florida, leaving surviving him as his sole heirs at law his widow, Jessie B. Crosby, and his children, Miriam Crosby Berry, Frank A. Crosby and Carolyn Crosby Thornton, all of whom were over the age of 21 years at the time of the death of Crosby.

Crosby owned real estate and personal property in Escambia County, Florida, in Baldwin and Montgomery Counties, Alabama, and in Leelanau County, Michigan.

Plaintiffs were appointed by the County Judge's Court of Escambia County, Florida, as administrators of the estate of Crosby; they duly qualified as such administrators in Florida, and were still acting as such at the time of the institution and trial of this suit.

Plaintiffs were also duly appointed by the Probate Court of Baldwin County, Alabama, as administrators of the estate of said Crosby, to administer the assets of said estate in Alabama; they duly qualified as such administrators, and were still acting as such administrators at the time of the institution and trial of this suit.

After plaintiffs were appointed and qualified as administrators in the State of Alabama by the Probate Court of Baldwin County, Alabama, administration proceedings on the estate of Crosby in Alabama were, as authorized by the laws of that State, transferred to the Circuit Court of Baldwin County, Alabama, in Equity, in which court administration proceedings on the estate of Crosby were still pending at the time of the institution and trial of this suit.

The real estate owned by the estate of Crosby in Baldwin County, Alabama, consisted of approximately 20,000 acres of land on which there was growing timber, with little, if any, buildings or other improvements thereon, other than fences; the real estate owned by Crosby in Michigan was unimproved. A portion of the real estate owned by Crosby in Florida had buildings and other improvements thereon, while other portions were unimproved.

The assets of the estate of Crosby in Florida were appraised by appraisers appointed by the County Judge's Court of Escambia County, Florida, to be of the value of $349,968.48. Jessie B. Crosby, the widow of Crosby, elected within the time and as authorized by the laws of the State of Florida, to take a dower interest in the assets of Crosby's estate in Florida, being one-third of the gross estate in fee simple, and in accordance with the provisions of the laws of Florida, a dower interest in Jessie B. Crosby in the assets of said estate in Florida was adjudged to be of the value of $112,997.82, in addition to which she was adjudged to have a life estate in the homestead of Crosby in Escambia County, Florida, which had been appraised at the sum of $11,000.

The assets of the estate of Crosby, both real and personal in Florida, remaining after allowance therefrom of the dower interest of the widow of Crosby, together with all assets of Crosby's estate, both real and personal, in the State of Michigan, and in the State of Alabama, other than the lands of Crosby in Baldwin County, Alabama, were wholly insufficient to pay all costs and expenses of administration of Crosby's estate in said several States, to pay the costs and expenses of the funeral and burial of Crosby, to pay all indebtedness owing by Crosby, and to pay all estate and inheritance taxes due the United States of America and the States of Alabama and Florida, so that it became necessary, and was the duty of the plaintiffs as such administrators, under the laws of Alabama, to sell said lands in Baldwin County, Alabama, which constituted assets of the estate of Crosby, to obtain funds with which to satisfy and discharge all such items of indebtedness and all such estate and inheritance taxes, all of which it was estimated would amount to approximately $500,000.

The Court took judicial notice that at the time of the death of Crosby there was in force and effect the following provisions of the laws of the State of Alabama, as part of its Code of Laws:

Title 16, § 10, as follows:

"Distribution of personal estate. —The personal estate of persons dying intestate as to such estate, after the payment of debts, and charges against the estate, is to be distributed in the same manner as his real estate, and according to the same rules; except that the widow, if there are no children, is entitled to all the personal estate, or, if but one child, she is entitled to one-half; if more than one, and not more than four, children, to a child's part; and if more than four children, to one-fifth."

Title 34, §§ 40 and 41, as follows:

"§ 40. Dower defined; of what lands widow is dowable.—Dower is an estate for the life of the widow in a certain portion of the following real estate of her husband, to which she has not relinquished her right during the marriage:

"(1). Of all lands of which the husband was seized in fee during the marriage. (2). Of all lands of which another was seized in fee to his use. (3). Of all lands to which, at the time of his death, he had a perfect equity, having paid all the purchase money therefor."

"§ 41. Extent of widow's dower interest.—The quantity of the dower interest is as follows:

"(1) When the husband dies leaving no lineal descendants and his estate is not insolvent, his widow is entitled to be endowed of one-half his lands.

"(2). If in such case his estate is insolvent, to one-third part thereof.

"(3). When there are lineal descendants, then to one-third part thereof, whether the estate be solvent or not."

Title 61, §§ 244, 271 and 272, as follows:

"§ 244. Sale in case of intestacy. —In case of intestacy, lands may be sold by the administrator for the payment of debts, when the personal estate is insufficient therefor."

"§ 271. With widow's consent, dower may be sold.—In all cases where, under the provisions of this subdivision, the lands of a decedent can be ordered to be sold by the probate court, the widow may file in the office of the judge of probate her written consent, that her dower interest in the land may be sold, so as to vest in the purchaser the complete title; and thereupon, the court must order such dower interest to be sold with the residue of the lands."

"§ 272. Value of dower interest; how fixed and paid.—When the sale is confirmed, the court, on application of the widow, must make an order that a fair equivalent for the dower interest be paid to her by the personal representative, when the purchase money is collected, the value of such interest to be ascertained by proof, having regard to the age and health of the widow, but in no case to exceed one-third of the purchase money."

Because of the necessity of obtaining funds with which to pay all of the items of indebtedness referred to above, including estate and inheritance taxes, and because of the insufficiency of all assets of the estate of Crosby, both real and personal, other than said lands in Baldwin County, Alabama, with which to make such payments, it became necessary and was the duty of the plaintiffs as such administrators, to sell said lands in Baldwin County, Alabama, to obtain the necessary funds with which to satisfy and discharge all such indebtedness and taxes.

Plaintiffs as administrators of the estate of Crosby, were able to sell said lands in Baldwin County, Alabama, to St. Regis Paper Company for the sum of $1,640,689 cash, with a reservation to the estate of Crosby and his heirs of a ⅛th interest in all oil, gas and mineral rights on said lands for a period of 25 years, but the agreement of St. Regis Paper Company to purchase said lands was conditioned that said lands be sold and purchased free and discharged of any dower interests therein of Jessie B. Crosby as the widow of said Crosby; plaintiffs as such administrators were unable to obtain any offer to purchase said lands from any buyer subject to any reserved dower interests in said lands in said widow of Crosby.

In order to convey good title to said Baldwin County, Alabama, lands to St. Regis Paper Company, said Company required of the plaintiffs as administrators, in addition to making such sale free and discharged of any dower interests of the widow of Crosby in said Baldwin County lands, that a proper release be obtained from the United States of America of all liens and claims existing in its favor against said Baldwin County lands for any estate taxes owing by the estate of Crosby to the United States of America; agreement was entered into by plaintiffs as such administrators with the authorized representatives of the United States of America, by which plaintiffs as such administrators agreed to deposit with the United States Collector of Internal Revenue for the Northern District of Florida, for the account of the United States of America, the sum of $464,855.-35, to be credited on the estate tax which ultimately would be determined to be owing by the estate of Crosby to the United States of America, and upon such deposit being made, the United States of America, acting through its authorized agent, agreed to deliver a release of the lien of its claim for estate taxes against said Baldwin County lands.

That it thereupon became and was the mandatory duty of the plaintiffs as administrators of the estate of said Crosby, under the laws of the State of Alabama, to apply to the Circuit Court of Baldwin County, Alabama, in Equity, having jurisdiction over the estate of said Crosby in the State of Alabama, for an order or decree of said Court authorizing and directing plaintiffs as such administrators to sell said Baldwin County lands free and discharged of any dower interests therein of Jessie B. Crosby as the widow of said Crosby, in order to obtain funds with which to pay all of the items of indebtedness referred to above, and with which to deposit with the United States Collector of Internal Revenue for the Northern District of Florida, said sum of $464,855.35, to obtain the release from the United States of America of its lien and claim for estate taxes owing by the estate of Crosby against said lands in Baldwin County, Alabama.

Plaintiffs as such administrators applied to said Court for such an order and decree, notice of which application was given to said Jessie B. Crosby, the widow of said Crosby, who then filed her consent in said Court to the entry of an order by said Court authorizing and directing the sale of said Baldwin County lands free and discharged of her dower interests therein, on condition that said Court would allow her in lieu of her dower interests in said lands the fair equivalent for such dower interests, to be paid to her by plaintiffs as such administrators from the proceeds of the sale of said lands as provided for by the laws of the State of Alabama above set forth.

A hearing was had before said Circuit Court of Baldwin County, Alabama, in Equity, on the application of the plaintiffs for authority to sell said lands in Baldwin County, Alabama, free and discharged of the dower interests of Jessie B. Crosby therein, and said Court entered its order and decree that the personal property of the estate of Crosby was not sufficient to pay its debts and obligations, and that it was necessary that said lands in Baldwin County, Alabama, owned by the estate of said Crosby, including the dower interests of Jessie B. Crosby therein, be sold for such purposes; that in its order and decree directing the sale of said lands in Baldwin County, Alabama, for the purposes aforesaid, free of the dower interests of Jessie B. Crosby therein, said Court further decreed: "Jurisdiction of this cause is reserved for such other and further action as may be necessary and proper in the premises, including the ascertainment of the value of the dower interests of Jessie B. Crosby in and to said property."

Pursuant to the decree of the Circuit Court of Baldwin County, Alabama, in Equity, directing the sale of said lands in Baldwin County, Alabama, including the dower interests of Jessie B. Crosby therein, to pay the indebtedness of said estate, including estate taxes, plantiffs as such administrators sold said lands to St. Regis Paper Company for the price above stated, but at the time of making such sale, plaintiffs as such administrators, from the proceeds of said sale, deposited with the United States Collector of Internal Revenue for the Northern District of Florida, the sum of $464,855.-35, which said plaintiffs as such administrators, had agreed with said Collector represented a proper amount to be received and held by said Collector pending determination of the estate tax owing by the estate of said Crosby, for the release of the lien of the United States of America for said taxes on said Baldwin County, Alabama, lands, said deposit to be credited on the amount of estate taxes as finally determined; upon said deposit being made with said Collector, said Collector delivered to the plaintiffs as such administrators a release of the lien of the United States of America for estate taxes against said Baldwin County, Alabama lands, and said lands were then sold by said administrators to said St. Regis Paper Company, free and discharged of such estate tax lien, and free and discharged of the dower interests of Jessie B. Crosby therein.

After sale of said lands in Baldwin County, Alabama, had been made, said Circuit Court of Baldwin County, Alabama, in Equity, on a hearing called to ascertain and determine and award to Jessie B. Crosby her interest in the proceeds of the sale of said lands in lieu of her dower interests therein, made its further decree in the administration proceedings on the estate of Crosby pending in said Court, that the sum of $546,896.66 "is determined to be a fair equivalent for the dower interests of Jessie B. Crosby in and to the above described tract of land and P. E. Berry and Frank A. Crosby as Administrators of the estate of Lewis G. Crosby, deceased, be and they are hereby authorized, empowered, instructed and directed to pay to said Jessie B. Crosby the said sum of $546,896.66 from the purchase money for said property which has been collected." Said decree described said lands in Baldwin County, Alabama.

Thereafter, plaintiffs as such administrators paid to Jessie B. Crosby from the proceeds of the sale of said Baldwin County lands the amount which said Court had decreed she was entitled to receive as a fair equivalent for her dower interests in the proceeds of the sale of said lands.

Thereafter, plaintiffs as such administrators filed with the United States Collector of Internal Revenue for the Northern District of Florida, the estate tax return for the estate of said Crosby, and in said return claimed credit as a marital deduction of the amount decreed to and paid to said Jessie B. Crosby for and in lieu of her dower interests in said Baldwin County, Alabama, lands; said Collector of Internal Revenue refused to allow as a marital deduction in computing the liability of the estate of said Crosby for estate taxes the amount decreed to and paid to Jessie B. Crosby in lieu of her dower interests in said lands, and computed and assessed the estate tax owing by the estate of said Crosby to the United States of America, without allowing deduction of said sum or any part thereof as a marital deduction to said

Jessie B. Crosby as the widow of said Crosby, but did credit on said estate tax said sum of $464,855.35 which had been deposited by plaintiffs as such administrators with said Collector, to secure the release of the tax lien of the United States of America against said Baldwin County, Alabama, lands; said Collector then assessed a deficiency tax against said estate, with interest thereon in the sum of $11,151.40 from May 27, 1951, the due date for the filing of the estate tax return for said Crosby estate, said deficiency, with said interests, amounting in all to $93,553.74, which amount was paid by said administrators to the District Director of Internal Revenue for the Northern District of Florida, on October 28, 1953.

After making said payment, plaintiffs requested said Director of Internal Revenue to furnish them a statement which would show the correct amount of Federal estate taxes owing by said Crosby estate if said marital deduction claimed had been allowed, in order that plaintiffs could make claim for refund of such amount; plaintiffs were advised by letter of said Director that claim for refund should be for $117,938.05.

After plaintiffs paid said deficiency tax assessment, with interest, they filed with the United States Director of Internal Revenue in Jacksonville, Florida. on Government Form 843, on the 25th day of March, 1954, their claim for refund of said sum of $117,938.05, claiming that said amount was erroneously and illegally assessed and collected, which claim for refund was filed within the time required by the provisions of the Internal Revenue Code of the United States and Regulations adopted by the Commissioner pursuant thereto.

On August 19, 1954, the defendant, acting through Laurie W. Tomlinson, District Director of Internal Revenue in Jacksonville, Florida, and by direction of the Commissioner, denied said claim for refund, and plaintiffs on October 28, 1955 filed this suit against the defendant to collect said sum of $117,938.05 alleged by plaintiffs to have been erroneously and

illegally assessed and collected by the defendant.

Before the trial of this suit, by leave of Court, plaintiffs amended their complaint by alleging that the amount of $117,938.05, which they had been advised would be the amount of refund the estate of Crosby would be entitled to, was erroneous, and that the correct amount said estate was entitled to recover from the defendant was $198,073.39, and demanded judgment for said larger amount, or for such lesser amount as they were entitled to recover from the defendant. It was agreed at the trial of this suit that if the Court found for the plaintiffs, the parties would agree on the amount plaintiffs were entitled to recover from defendant.

The Court has now been advised by the attorneys for the plaintiffs and defendant, that if the plaintiffs are entitled to recover from the defendant in this cause, the amount of such recovery will be the sum of $160,765.94.

The estate tax return filed by the plaintiffs with defendant included in the gross value of the assets of said estate the value of said Baldwin County, Alabama, lands, represented by the purchase price paid by St. Regis Paper Company therefor, and the estate tax assessed by the defendant against said estate was assessed on the value of the assets of said estate, including the amount paid for the purchase of said Baldwin County lands. The purchaser of said Baldwin County lands paid said purchase price in consideration of the decree of the Circuit Court of Baldwin County, Alabama, in Equity, directing plaintiffs as administrators of the estate of Crosby, to sell said lands free and discharged of the dower interests of Jessie B. Crosby, widow of said Crosby, therein.

Dower was never assigned to Jessie B. Crosby, the widow of said Crosby, in any part of said Baldwin County lands. She consented to the sale of said lands free of her dower interests therein, relying on the laws of the State of Alabama and the decree of the Circuit Court of Baldwin County, Alabama, in Equity, to award her a fair equivalent for her dower interests in said lands, to be paid her from the proceeds of the sale of said lands. The defendant in its brief concedes that the interest which passed to the widow of Crosby was not a terminable estate, wherein defendant says: "The Government does not maintain that the proceeds from the sale passed to the widow subject to a life estate." The Court finds that this interest in the proceeds of the sale of the lands was not a terminable estate.

The Court has heretofore rendered its memoranda decisions that the plaintiffs are entitled to recover from the defendant the amount of estate taxes erroneously and illegally assessed and collected by the defendant from the Crosby estate.

It is the judgment of the Court, based on the aforesaid established facts, on the agreement of the parties as to the amount which the plaintiffs would be entitled to recover from the defendant if the Court found in their favor, on the laws of the State of Alabama above set forth, and on the applicable provisions of the Internal Revenue Code of the United States, that the plaintiffs are entitled to recover from the defendant said sum of $160,765.94, being the amount of estate taxes which the Court finds was erroneously and illegally assessed against and collected from the Crosby estate, with interest on that amount as provided for by law from the 27th day of May, 1951, and judgment will be entered in favor of the plaintiffs accordingly.