Mary Isabel **HILES**, Individually and as Executrix under the Will of Morgan Hiles, Deceased, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Civ. A. No. 2402.

United States District Court
S. D. Alabama, S. D

Sept. 12, 1961.

As Amended Dec. 7, 1961.

Hardy B. Smith, Gaillard, Gaillard & Smith, Mobile, Ala., for plaintiff.

Ralph Kennamer, U. S. Atty., Mobile, Ala., for defendant.

DANIEL HOLCOMBE THOMAS, District Judge.

Plaintiff instituted this suit under the provisions of Title 28 United States Code, Sections 1346 and 1402, to recover the sum of $4,038.42, plus interest thereon, alleged to have been erroneously assessed as an estate tax from the estate of Morgan Hiles, deceased. The controversy arises over the marital deduction claimed by plaintiff under Section 2056, Title 26 U.S.C.A., I.R.C.1954.

The facts are not in dispute, and were submitted to the Court by stipulation with supporting exhibits. The pertinent facts are as follows: Morgan Hiles, a resident of Mobile County, Alabama, died in Mobile on February 4, 1957. Surviving him were his widow, Mary Isabel Hiles, and two minor children. By the terms of the last will and testament of Morgan Hiles, Mary Isabel Hiles was appointed Executrix of his estate. The will of Morgan Hiles was admitted to Probate in the Probate Court of Mobile County, Alabama, on March 8, 1957. Subsequently, on July 31, 1957, Mary Isabel Hiles, individually, filed in the Probate Court, in Equity, her dissent from the will and her election to receive, in lieu of the provisions made for her in said will, her share of the estate of Morgan Hiles under the Alabama Statutes of Descent and Distribution, Code 1940, Tit. 61, § 1 et seq. On August 23, 1957, the Probate Court entered an order which provided that the widow have her dower determined in the real property granted to the two minor children, and the value of said dower interest be made a charge against the residuary estate. The court fixed the value of said dower interest at $14,000 and ordered this amount paid to the widow in full settlement and satisfaction of claims of dower in favor of the widow against the estate. The court further ordered that the widow receive the sum of $6,000 in full and final settlement of any homestead exemption in favor of the widow and minor children. The court also ordered that the widow be paid the sum of $1,000 from the personal property of the estate as exempt from administration and the payment of debts, in favor of the widow and minor children.

The estate of Morgan Hiles contained sufficient personal assets to pay all debts and claims which were outstanding against it.

On September 9, 1957, Mary Isabel Hiles, as executrix, issued to Mary Isabel Hiles, as an individual, three checks in the amounts of $14,000, $6,000, and $1,000. On February 26, 1958, the plaintiff filed a Federal Estate Tax Return and listed the following items as subject to the marital deduction:

| | | |
|---|---|---|
| 1. | Dower Interest, as per Court decree | $14,000.00 |
| 2. | Homestead Exemption, as per Court decree | 6,000.00 |
| 3. | Personal Property Exemption, as per Court decree | 1,000.00 |
| 4. | Widow's net distributive share, as per Court decree | 28,017.27 |
| | | $49,017.27 |

The tax computed by plaintiff and shown to be due in the amount of $2,589.10 was paid on February 26, 1958. Thereafter, upon audit, on March 16, 1959, the District Director of Internal Revenue disallowed in full Items 1 and 2 above, allowed a deduction of $333.33 on Item 3, and allowed a deduction of $27,128.60 on Item 4, resulting in a deficiency of $4,038.42, which amount, plus interest, was assessed on April 17, 1959. The deficiency, plus interest, was paid by the plaintiff on June 4, 1959, and on June 19, 1959, the plaintiff filed a claim for refund, which claim has not yet been disallowed. This action, filed June 14, 1960, was commenced more than six months after the filing of the claim for refund.

The question involved in this case is whether the amounts paid to Mary Isabel

Hiles, individually, pursuant to the order of the Probate Court, qualify for treatment as a marital deduction under Section 2056 of the Internal Revenue Code of 1954. Primarily, this Court must determine whether or not under the laws of the State of Alabama, as they existed when this claim arose, the cash value of dower and homestead interests are terminable interests, and hence excludable from the marital deduction.

Section 2056, Internal Revenue Code 1954,[1] allows for what is known as the marital deduction, and provides generally that an amount equal to the value of any interest in property which passes or has passed from a decedent to his surviving spouse may be deducted from the gross estate in computing Federal Estate Tax. The marital deduction was fashioned to achieve better geographical equalization between citizens of the community property states and the non-community property states in the impact of estate taxes. The policy of the marital deduction rests on the anticipation that the property used for the marital deduction and passing from the deceased spouse to the surviving spouse, though exempted from any tax in the estate of the deceased spouse, gains only a respite and not absolution, as such property will augment the estate of the surviving spouse and ultimately make its contribution under the Estate Tax Law. With this policy in mind, Section 2056 places certain limitations upon the marital deduction in the case of life estate or other terminable interest as follows:

"(b) * * *

"(1) General rule.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

"(A) if an interest in such property passes or has passed * * * from the decedent to any person other than such surviving spouse * * *; and

"(B) if by reason of such passing such person * * * may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;"

The widow's right to dower in the lands of which the husband died seized is governed by the law in force at the time of his death.[2] The widow's dower interest here is under the terms of Title 34, Sections 40 through 64, Code of Alabama, 1940. Under Alabama law, the inchoate right of dower is not an estate, or title, or interest in land, but is a contingent right or expectancy which the wife has in the lands of her husband during his life, and which may become a right of dower upon his death, if she survives him as his wife.[3] Dower interest is a chose in action which gives the widow no title to the land sufficient to support an action at law before it is assigned. This interest is unassignable, except by way of extinguishing release to the terre-tenant.[4] A widow is under no duty to have dower assigned.[5] Where no dower is

1. 26 U.S.C.A. § 2056, I.R.C. 1954.

2. McGregor v. McGregor et al., 249 Ala. 75, 29 So.2d 561; Compton et al. v. Cook et al., 259 Ala. 256, 66 So.2d 176; Tipton et al. v. Tipton et al., 268 Ala. 497, 108 So.2d 348.

3. United States v. Crosby, 5 Cir., 257 F.2d 515, affirming D.C., 148 F.Supp. 810 and D.C., 151 F.Supp. 497; Wootten et al. v. Vaughn, 202 Ala. 684, 81 So. 660; Thomas v. Blair et al., 208 Ala. 48, 93 So. 704; Hamm v. Butler, 215 Ala. 572, 112 So. 141; Barfoot et al. v. Barfoot et al., 245 Ala. 593, 18 So.2d 465; Lee v. Lee, 265 Ala. 226, 90 So.2d 775.

4. Bettis v. McNider, 137 Ala. 588, 34 So. 813; Francis v. Sandlin, 150 Ala. 583, 43 So. 829; Upshaw v. Upshaw, 180 Ala. 204, 60 So. 804; Chavers v. Mayo, 202 Ala. 128, 79 So. 594; American Equitable Assur. Co. of New York v. Powderly Coal & Lumber Co., 221 Ala. 280, 128 So. 225; Decker v. Decker, 253 Ala. 345, 44 So.2d 435.

5. McClendon v. Straub, 5 Cir., 194 F.2d 1008.

assigned to the widow in her lifetime, she does not become vested of a tangible interest in specific lands, nor is she a tenant in common with the heirs; her right to dower is terminated and does not survive to her personal representative.[6] Courts of equity have jurisdiction in all cases involving the assignment of dower, and undertake to settle all disputes and distribute the estate among those entitled to receive the same. Equity alone has jurisdiction to decree compensation in lieu of dower.[7]

In the instant case there is not even any suggestion by the Government that there is any infirmity in the decree issued by the Probate Court in Equity, which has settled the property rights and interests of the widow in the property of the deceased. The death of Morgan Hiles in and of itself did not instantly vest in his widow a life estate in the lands of which he died seized; his death gave to the widow the right to have dower assigned to her, which, under Alabama law, is no more than a chose in action.[8] The dower interest of the widow had never been set apart to Mrs. Hiles, therefore her dower interest had never vested and she did not take a terminable interest in the lands of Morgan Hiles. She took the sum awarded by the Probate Court in lieu of her dower interest, and in my opinion this sum was subject to the marital deduction.

The Probate Court, in its order of August 23, 1957, pursuant to Title 7, Section 689, Code of Alabama 1940 as amended, ordered the payment of $6,000 to the widow for herself and minor children to remove from the real property of the Hiles estate the claim of homestead rights on the part of the widow and minor children. This property was devised by the will of Morgan Hiles to his two minor children. Title 7, Section 689, reads as follows:

"Where a homestead right exists in property devised by will, the person or persons to whom said property is devised may clear the said property of such homestead rights by paying to the personal representative in lieu of such right, the sum of six thousand dollars".

The authority of the Probate Court to issue this order alloting homestead exemption is settled.[9] One-third of this sum constitutes a substitute for the widow's interest in the homestead.[10] I am of the opinion that this sum should be considered entirely the property of the widow under these circumstances, and thus subject to the marital deduction. As stated by the Eighth Circuit Court of Appeals in the case of United States v. Traders National Bank of Kansas City, 248 F.2d 667, affirming D.C., 148 F.Supp. 278, "the same principles govern decision as to both dower and homestead in this case". (Footnote 1, 248 F.2d at page 668).

The personal property exemption falls under Title 7, Section 665, Code of Alabama 1940, which provides:

"Sec. 665. Additional personal property exempt.—In favor of such widow and minor child or children, or either, there shall also be exempt

6. Hale v. Cox, 240 Ala. 622, 200 So. 772; Petcher v. Rounsaville, 267 Ala. 237, 101 So.2d 324.

7. McClendon v. Straub, 5 Cir., 194 F.2d 1008; Upshaw v. Upshaw, 180 Ala. 204, 60 So. 804; Whitehead v. Boutwell, 218 Ala. 109, 117 So. 623; Deepwater Black Creek Coal Co. v. Long, 224 Ala. 63, 139 So. 236; Childs v. Julian, 241 Ala. 249, 2 So.2d 453; Jones v. Glenn, 248 Ala. 452, 28 So.2d 198; Compton v. Cook, 259 Ala. 256, 66 So.2d 176.

8. United States v. Crosby, 5 Cir., 257 F.2d 515.

9. Gray v. Weatherford, 227 Ala. 324, 149 So. 819.

10. If there be both widow and minor child or children, the rents and profits of such homestead inure to their equal benefit during the life of the widow and the minority of the child or children. Title 7, Sec. 661, Code of Ala.1940, as amended.

from administration and the payment of such debts, personal property belonging to such decedent at the time of his death, to the amount of one thousand dollars in value, to be selected and set apart for them; and any of such children, on leaving the family, shall be entitled to an equal share of the property so exempt, and then on hand."

Although the widow received possession of $1,000, she received it impressed with a trust to use the property for herself and the minor children. She cannot use or appropriate it exclusively for her own benefit. She has in it no exclusive title or interest. Her title or interest is in common with the title or interest of the minor children.[11] The widow had a vested non-terminable interest in one-third of the fund, which amount was properly allowed as a marital deduction.

No issue is raised concerning the District Director's determination of the proper amount of deduction allowed for the widow's net distributive share (Item 4). However, this amount will necessarily have to be re-determined in accordance with the views expressed in this opinion.

It is therefore my conclusion that the following items should be allowed as a marital deduction:

1. Dower Interest, as per Court
   decree                    $14,000.00
2. Homestead exemption, as per
   Court decree                2,000.00
3. Personal Property Exemption, as per Court decree    333.33
4. Widow's net distributive
   share        (to be re-determined)

Counsel for the parties are directed to agree on an order in accordance with the conclusions of the court's opinion and to submit it to the court within 30 days from the date of this revision.

11.  Lanford v. Lee, 119 Ala. 248, 24 So. 578.